COSTER *vs.* WARING.

A plaintiff is not at liberty to treat a demurrer to a declaration as a nullity, and enter the defendant's default for not pleading ; and the court, on a motion to set aside such default, will not pass upon the question of the validity of the demurrer.

Feb. 1838.

The defendant put in a general demurrer to the declaration. The plaintiff's attorney supposing, that under the 88th *general rule* of this court, the defendant should have specified the objections in matters of substance as well as form upon which he intended to rely, treated the demurrer as a nullity, entered the defendant's default for not pleading, and gave notice of assessment. The defendant moved to set aside the default. The demurrer was served on the twenty-ninth day of December. It was now insisted, on behalf of the plaintiff, that the leave to amend without costs, given by the 88th rule, was not the only penalty for a disobedience of the rule; but that if, on inspection of the declaration, it should be seen that there was no cause of demurrer, and that the object of the defendant must have been delay, the plaintiff would be sustained in the course he had adopted.

*By the Court,* BRONSON, J. The sole object of the 88th rule was to regulate the costs of amendment after demurrer. We cannot look into the pleadings, on a motion of this kind, in a case circumstanced like the present. If the plaintiff's attorney considered the demurrer frivolous, he should have moved for judgment on that ground.

Motion granted.